MABEL ALBERT, as Administratrix, etc., of ABRAHAM LEWIS ALBERT, Deceased, Respondent, v. HARRY C. ALBERT, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The issue as to whether the proceeds of the insurance policies belonged to the beneficiaries named therein or to the partnership of Albert and Albert was a very narrow one. The principal proof in substantiation of the finding that the proceeds belonged to the partnership is to be found in the financial statements which were delivered by the defendant to the bank when the partner-

ship applied to the bank for loans and in the testimony of the plaintiff's witness Miller, an interested witness. The proof is that the items of insurance contained in the statements were inserted by the defendant at the request of the bank and after the statements had been prepared by the defendant at his office and taken to the bank. The defendant offered to explain how the items came to be inserted in the statements and what occurred at that time. The court excluded the proffered testimony on the ground, in substance, that the bank statements spoke for themselves and were not susceptible of explanation. We regard this ruling as reversible error. We think that the bank statements, so far as they relate to life insurance, were, in some respects, ambiguous and, in view of the narrowness of the issue, that the testimony was competent and should have been received. We think that the plaintiff had a right to maintain the action and that she had no adequate remedy at law. All concur. (The interlocutory judgment directs defendant to account for partnership assets owned by him and plaintiff's intestate as copartners at the time of the latter's death.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.